PERKINS v. APOLLO BROS., Inc.

(District Court, E. D. Pennsylvania. June 25, 1912.)

No. 391.

1. TRADE-MARKS AND TRADE-NAMES (§ 93*)—UNLAWFUL COMPETITION—EVIDENCE.

Unfair competition in the sale of cigarettes under a similar name was not established, where the two brands were not offered to the same market, did not in fact compete, and no deception or attempted deception was proved, but it appeared that defendant adopted the name in ignorance of the name previously used by complainant.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 104–106; Dec. Dig. § 93.*

Unfair competition in use of trade-mark or trade-name, see notes to Scheuer v. Muller, 20 C. C. A. 165; Lare v. Harper & Bros., 30 C. C. A. 376.]

**2.** TRADE-MARKS AND TRADE-NAMES (§ 59*)—INFRINGEMENT.

Where plaintiff had previously sold Turkish tobacco cigarettes under the name "Nubia," complainant was entitled to restrain defendant's use of the word "Nubias" in the sale of similar cigarettes; the names being substantially similar, though the packages were not the same.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 68–72; Dec. Dig. § 59.*]

**3.** TRADE-MARKS AND TRADE-NAMES (§ 59*)—NAMES AVAILABLE AS TRADE-MARKS—GEOGRAPHICAL NAME.

A geographical name may be used as a trade-mark, but a merchant so using it is not entitled to, and cannot acquire, the exclusive right thereto, unless his use of the word has acquired a secondary meaning, in which event he will be entitled to protection.

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 68–72; Dec. Dig. § 59.*]

**4.** TRADE-MARKS AND TRADE-NAMES (§ 59*)—GEOGRAPHICAL NAME—USE—RIGHT TO PROTECTION.

Where the word "Nubia," as applied to cigarettes manufactured in the United States by both the complainant and defendant, did not imply that the cigarettes were made in Nubia or in Turkey, or that they were made out of Nubian tobacco, but rather they were made in the United States from Turkish tobacco, as they in fact were, complainant was entitled to restrain defendant's infringement thereof by selling its cigarettes under the name "Nubias."

[Ed. Note.—For other cases, see Trade-Marks and Trade-Names, Cent. Dig. §§ 68–72; Dec. Dig. § 59.*]

In Equity. Suit by Charles B. Perkins against Apollo Bros., Incorporated. Decree for complainant.

Edward M. Biddle, Charles L. McKeehan, and Joseph S. Clark, all of Philadelphia, Pa., for complainant.

Albert W. Sanson and Hector T. Fenton, both of Philadelphia, Pa., for respondent.

J. B. McPHERSON, Circuit Judge. This action seeks to restrain the defendant from unfair competition in the sale of cigarettes, and also from the use of a trade-name averred to belong to the plaintiff.

[1] (1) The evidence does not support the charge of unfair competition. The two brands of cigarettes are not offered to the same market, and do not compete in fact. No deception or attempted deception was proved, and I incline to the belief (which is relevant on this branch of the case) that the defendant adopted the name used on its brand in ignorance of the name used by the plaintiff.

[2] (2) The real contention is about the trade-name. The name on the plaintiff's brand is "Nubia"—in the singular number—and the name on the defendant's is "Nubias"—apparently in the plural. The plaintiff was in the field several years before the defendant, and it seems hardly open to discussion whether the later name resembles the earlier so closely as to infringe. As I think, they are practically identical, and therefore, although the dress and the devices used on the respective packages are dissimilar, nevertheless the name is not at the defendant's service if the plaintiff has a prior and a better

right. And it makes no difference that the plaintiff's market may be for the present somewhat restricted, nor that the defendant and the plaintiff are not yet appealing to the same trade. At any time these conditions may change, and it seems clear that if the plaintiff has acquired a right, either exclusive or qualified, to use the name "Nubia," the defendant cannot trespass upon his right, whether it be complete or limited.

[3, 4] How extensive, then, is the plaintiff's right? If "Nubia" were an arbitrary word, his right would be undoubted and complete. He is the only seller of Nubia cigarettes, and has sold many thousand during the last 14 years. If the name were arbitrary, "Nubias" could not be used under any circumstances, no matter how innocent might be the defendant's state of mind, nor how slight the actual competition. The plaintiff's right of property in the name could not be interfered with, and the defendant would be obliged to exercise its ingenuity in constructing another word. But, of course, "Nubia" is not an arbitrary word. It is the name of a country in Africa, a province of Egypt, and, since it is a geographical name, its use as a trade-name is subject to some restrictions. It is not correct to say that a geographical name may never be used as a trade-name; on the contrary, a merchant may use it freely, but, as a general rule, he cannot acquire an exclusive right thereto. Other merchants may use it as freely as he, unless it has acquired a secondary meaning in his hands, and in that event such meaning will receive due protection. It is therefore necessary to inquire what "Nubia" should be held to mean as the plaintiff is using it, and this, I take it, is a question of fact here as in similar inquiries. And at this point it should be further noted that the plaintiff has reinforced the obvious suggestions of "Nubia" by the pictorial devices that he adds upon his packages. He depicts a desert scene in which camels and pyramids are shown, and there are also some columns and an arch that are Egyptian in style. I cannot doubt that the name and these devices taken as a whole were intended to suggest, as they certainly do suggest, that the tobacco in the cigarettes is of Egyptian, or of Turkish, origin. They might also suggest, and this is the only other alternative, that the cigarettes had been made in Nubia, or at least in Egypt; but this possible suggestion is negatived by the appearance of the plaintiff's name and address in a conspicuous position on the package: "Charles B. Perkins, Boston, Mass., U. S. A." I think, therefore, that the inference should be drawn that the word "Nubia" with its surroundings on the plaintiff's package means that the tobacco is Egyptian, or Turkish, in origin; both Nubia and Egypt being included within the Turkish Empire. And this is true in fact, for the plaintiff's cigarettes are made of Turkish tobacco, which is a distinctive name for a well-known kind of tobacco, irrespective of the particular country or province in or near the Turkish Empire where it may be grown. As far as the evidence discloses and my general knowledge on the subject extends, there is no distinctive kind of tobacco known as "Nubian," and certainly not in the sense in which it is customary to speak of Turkish, or of Sumatra, or even of Virginia, or of Burley, tobacco. No doubt tobacco is grown

in the country of Nubia, but there is no evidence that its kind is distinctive, or its quantity unusual, or that much of it is exported. I venture to affirm that it has no place in the American market by reason of any distinctive quality, and has acquired no place there by the name of "Nubian" for any reason.

In a word, I do not find in this record sufficient evidence to support the argument that the plaintiff's trade-name of "Nubia" is telling an untruth, or is intended to deceive the public. I think it means no more than I have already indicated, namely, that the package contains cigarettes of Turkish tobacco made by Charles B. Perkins in Boston. These are undoubtedly the facts, but for the purposes of this case I shall assume that such use of the name does not give the plaintiff an exclusive right thereto under any and all circumstances. I shall treat it as a geographical name, pure and simple, but even then I think the plaintiff's right is superior. If the defendant were making cigarettes in Nubia, or were making cigarettes in the United States out of Nubian tobacco, it would have a right to call them "Nubias," or any other similar name to indicate where they were made or where the tobacco was grown. But neither of these suppositions is true. The defendant's business and the plaintiff's business are in part exactly alike. They both manufacture cigarettes in the United States, not out of Nubian, but out of Turkish, tobacco, and I think no sufficient reason has been pointed out for allowing the defendant to use a name to which the plaintiff has acquired a prior right by prior and continuous use. Both parties are doing the same thing, and are seeking to use the same name for the same purpose. Neither has the slightest connection with Nubia or with Egypt, except that both use Turkish tobacco. The dispute is between American manufacturers about the use of a trade-name which both happen to like, and (for all that is shown by the evidence) which both appear to have chosen, and to be using, innocently enough. It seems to be a situation where a court may properly apply the maxim, "Prior in tempore, potior in jure."

The plaintiff is entitled to a decree against Appollo Bros., Incorporated, in accordance with this opinion.